### Bassett's Executrix v. Jordan.

1. Covenant lies on an obligation under seal, to pay money.
2. In declaring on a covenant to pay money on a certain day, for the hire of negroes, who are admitted by the instrument to have been hired till that time; it is necessary to aver, that the defendant did have the use of the negroes.

F. Boykin, Executor, and S. Bassett, Executrix of Thomas Bassett, declared in the Circuit Court of Washington county, in covenant against W. Jordan, on a writing under seal, made by him and James Caller, on the 29th of June, 1816, by which they acknowledged to have hired of the plaintiffs as executors, four negroes, from the first of July till the last day of September, in that year; and thereby promised to pay them on the last day of September, $17 50 per month each, for two of the negroes, and $18 25 per month each, for the other two. They averred that they had delivered said writing, and assigned as a breach that the time limited for payment had expired, and that they had not paid the amount; and therefore had broken said covenant. The defendant pleaded payment. At November term, 1826, the death of Boykin being suggested, and the suit

continued in the name of the executrix as survivor, <span style="float:right">JANUARY 1828.</span> there was a verdict in her favor for $312 38 damages, on which a judgement was entered; but on motion <span style="float:right">Bassett's Exec'x,<br>v.<br>Jordan:</span> of the defendant, the judgement was arrested.

The plaintiff assigns as error, that the judgement was wrongfully arrested in the Circuit Court.

Hitchcock, for the plaintiff.

The judgement was arrested below on the ground that *debt* should have been brought, and not covenant. We contend that covenant lies as a concurrent remedy with debt for the recovery of any money demand, when there is an express or implied contract contained in the deed. It may be used to recover on a money bond, though debt <span style="float:right">*a* 1 Chit. Pl. 110,</span> is the most usual remedy. [a]

Salle, for defendant.

We contend that covenant will not lie in this particular case, though there may be cases, as in leases, where debt or covenant would lie ; but this is not such a case. A writ of error will not lie upon an arrest of judgement. The language of the writ of error, " that if judgement thereof be given," proves this. If the Court below refuses to give judgement, a *mandamus* or *procedendo* would be the remedy.

JUDGE TAYLOR delivered the opinion of the Court,

The ground taken by the counsel for the defendant, that the action is misconceived, cannot be supported. The action of covenant is the only proper action on the instrument. But I am of opinion there is a fatal defect in the declaration ; it contains no averment that the defendant and Caller had the use of the negroes for the time specified in the covenant. The clear intention of the parties was, that the money should be paid upon condition the services of the negroes were rendered, and it was therefore necessary that the declaration should have contained an averment that those services were rendered. The Court did not err in arresting the judgement, and the judgement below must be affirmed.

Judge Crenshaw not sitting.

Note. See Hatch vs. Pettus, Minor's Ala. Rep. 49, and Taylor vs. Rhea, Ib. 413.